IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CARRIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-03208 |
| | § | |
| M/V AMC AMBASSADOR, EMAS-AMC, | § | |
| INC., CROSS GROUP, INC., | § | |
| GALLATIN MARINE MANAGEMENT, | § | |
| LLC and EPL OIL AND GAS, INC., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| -AND- | § | |
| | § | |
| EMAS-AMC, INC., | § | |
| | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| -AND- | § | |
| | § | |
| SOUTHERN STATES BROKERAGE, | § | |
| INC., | § | |
| | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiff Michael Carrigan's Motion to Remand (Document No. 8). After carefully considering the motion, response, reply, and the applicable law, the Court concludes for the following reasons that the motion should be denied.[1]

---

[1] Also pending is Defendant EPL Oil & Gas, Inc.'s Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Remand, Document No. 23, which is GRANTED.

I.  Background

Plaintiff Michael Carrigan ("Plaintiff") alleges that on April 23, 2013, he was working as a subsea electrician aboard Defendant MV/AMC Ambassador ("the Ambassador") when he was injured by an "uncontrolled and mishandled crane lift of heavy equipment."[2] Plaintiff asserts that at the time of his injury, he was a Jones Act seaman employed by Defendant EMAS-AMC, Inc. ("EMAS"),[3] and that EMAS, along with Defendants Cross Group, Inc. ("Cross"), Gallatin Marine Management, LLC ("Gallatin"), and EPL Oil & Gas, Inc. ("EPL") were the "owners and/or owners pro hac vice and/or operators" of the Ambassador and were responsible for the "dangerous and unseaworthy conditions" which caused his injuries.[4]

Plaintiff brought suit in state court under the Jones Act and general maritime law, alleging claims for negligence against EMAS, Cross, Gallatin, and EPL, and claims for unseaworthiness of the Ambassador and wrongful denial of maintenance and cure against EMAS and Gallatin.[5]

Defendant EPL removed this case to federal court, arguing that Plaintiff's general maritime claims are removable, and that the

---

[2] Document No. 1-1 at 36 of 80 (2d Am. Orig. Pet.).

[3] Document No. 1-1 at 35 of 80.

[4] Document No. 1-1 at 36 of 80.

[5] Document No. 1-1 at 37 of 80 to 39 of 80.

Jones Act does not preclude removal because no named Defendant is Plaintiff's Jones Act employer.[6] Plaintiff moves to remand.[7]

## II. Discussion

### A. Legal Standard

A defendant may remove a state court suit if the action originally could have been brought in federal court, and no Act of Congress expressly prohibits removal. 28 U.S.C. § 1441(a) (2012). The removing defendant bears the burden of establishing the existence of a federal question. In re Hot-Hed Inc., 477 F.3d 320, 323 (5th Cir. 2007). Because removal raises significant federalism concerns, any doubts as to the propriety of removal are resolved in favor of remand. Id.

### B. Analysis

Plaintiff argues that this case is not removable because his claims against EMAS were brought under the Jones Act, which prohibits removal, and because general maritime claims are not removable.[8] Defendants EPL and Cross ("Responding Defendants") contend that Plaintiff has failed properly to assert a Jones Act claim because none of Defendants acted as his employer and

---

[6] Document No. 1.

[7] Document No. 8.

[8] Document No. 8.

3

furthermore, that general maritime law claims are removable pursuant to a 2011 amendment to 28 U.S.C. Section 1441.[9]

1. Whether Plaintiff has stated non-removable Jones Act claims

The Jones Act provides that "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104.[10] Jones Act claims generally are not removable. Lackey v. Atlantic Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court because [the Jones Act] incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal."). However, a fraudulently pleaded Jones Act claim may properly be removed. Fields v. Pool Offshore, Inc., 182 F.3d 353, 356 (5th Cir. 1999).

A claim is fraudulently pleaded when there is no possibility that the plaintiff would be able to establish a cause of action. Burchett v. Cargill, Inc., 48 F.3d 173, 176 (5th Cir. 1995). Although courts usually look only to the plaintiff's pleadings to determine whether a Jones Act claim is stated, defendants may

---

[9] Document No. 17.

[10] This provision was formerly cited as 46 App. U.S.C. § 688.

pierce the pleadings to show that a claim has been fraudulently pleaded to prevent removal.  Lackey, 990 F.2d at 207.

The uncontroverted evidence demonstrates that Plaintiff has no possibility of recovery under the Jones Act.  Although the Second Amended Original Petition alleges that EMAS is Plaintiff's Jones Act employer,[11] Responding Defendants produce evidence that it was not, and that Plaintiff was instead employed by Aker Subsea Inc. and Aker Solutions Inc.[12]  Plaintiff produces no controverting evidence, but argues in reply that EMAS was his "borrowing employer" because it exercised control over Plaintiff.[13]  However, he produces no evidence to support this contention, and Responding Defendants' verified evidence establishes that EMAS "did not direct or control" Plaintiff's work.[14]  Plaintiff further argues that EMAS and Aker Solutions Inc. are "related entities and have apparently gone through multiple episodes of corporate restructuring."[15]  In support of this contention, Plaintiff points to the fact that "EMAS-AMC stands for EMAS-Aker Marine Contractors" and to EMAS's

---

[11] Document No. 1-1 at 35 of 80.

[12] Document No. 17, ex. A (Declaration of Brett Swinden, Human Resources Senior Manager for EMAS).  See also Document No. 17, ex. C (2012 W-2 issued to Plaintiff from Aker Subsea Inc.); Document No. 17, ex. D (Earnings Statements issued to Plaintiff from Aker Solutions Inc.).

[13] Document No. 22.

[14] Document No. 17, ex. A ¶ 8.

[15] Document No. 8 at 4.

2011 acquisition of Aker Solutions Inc.'s subsea business, Aker Marine Contractors.[16] However, Responding Defendants produce uncontroverted evidence that EMAS and Aker Solutions Inc. are not affiliated entities.[17] Finally, Plaintiff contends that, at worst, Plaintiff has merely misnamed his Jones Act employer, an error that is correctable with an amended pleading at the state court level.[18] However, the evidence of record demonstrates that Plaintiff's Jones Act employer is not misnamed, and in fact is not a party to this suit. Accordingly, Plaintiff's Jones Act claims are deemed fraudulently pleaded and do not bar removal.

2.  Whether Plaintiff's general maritime claims are removable

Plaintiff contends that general maritime claims remain non-removable after the 2011 amendment to Section 1441. This Court, in a comprehensive opinion by Judge Gray Miller in Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772 (S.D. Tex. 2013), carefully analyzed and rejected all of the arguments now advanced in this case by Plaintiff. See id. at 777 (holding that the 2011 amendment eliminated what the Fifth Circuit previously held was the impediment to removing maritime claims to federal court). See also

---

[16] Document No. 8 at 4.

[17] Document No. 17, ex. G (Declaration of Julie Alexander, Legal Counsel for EMAS).

[18] Document No. 8 at 4-5.

6

<u>Wells v. Abe's Boat Rentals, Inc.</u>, Civ. A. No. H-13-1112, 2013 WL 3110322, at *4 (S.D. Tex. June 18, 2013) (Rosenthal, J.) ("Even assuming that general maritime law applies, under *Ryan* and the cases it cites this action is nonetheless removable . . . ."); <u>Bridges v. Phillips 66 Co.</u>, Civ. A. No. 13-477-JJB-SCR, 2013 WL 6092803, at *4-5 (M.D. La. Nov. 19, 2013) (holding that the removal of general maritime claims is proper under the current version of Section 1441). Accordingly, for the reasons well explained in <u>Ryan</u>, Plaintiff's maritime claims are removable, and Plaintiff's Motion to Remand is denied.

III. <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiff Michael Carrigan's Motion to Remand (Document No. 8) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 31st day of January, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE